1    IN THE DISTRICT COURT OF THE UNITED STATES
     FOR THE NORTHERN DISTRICT OF OHIO
2                 EASTERN DIVISION

3

     UNITED STATES OF AMERICA,      )
4                                   )
                 Plaintiff,         )    Judge Polster
5                                   )    Cleveland, Ohio
           vs.                      )
6                                   )
     LONNY LEE BRISTOW,             )    Number 1:13CR148
7                                   )
                 Defendant.         )
8
                         - - - - -
9

10         TRANSCRIPT OF PROCEEDINGS HAD BEFORE

11          THE HONORABLE DAN AARON POLSTER

12             JUDGE OF SAID COURT,

13          ON THURSDAY, APRIL 11, 2013
                     - - - - -

14   APPEARANCES:

15   For the Government:          THOMAS E. GETZ,
                                  Assistant U.S. Attorney
16                                801 West Superior Avenue
                                  Cleveland, OH 44113
17                                (216) 622-3600

18   For the Defendant:          CAROLYN M. KUCHARSKI, ESQ.,
                                  Ass't. Federal Public Defender
19                                750 Skylight Office
                                  1660 West Second
20                                Cleveland, OH 44113
                                  (216) 522-4856
21
     Official Court Reporter:    Shirle M. Perkins, RDR, CRR
22                                U.S. District Court
                                  801 West Superior, #7-189
23                                Cleveland, OH 44113-1829
                                  (216) 357-7106
24

25   Proceedings recorded by mechanical stenography; transcript
     produced by computer-aided transcription.

1          THURSDAY SESSION, APRIL 11, 2013, AT 10:54 A.M.

2                    THE COURT:  We're here on Case 1:13 CR148,

3     United States versus Lonny Lee Bristow.  Mr. Bristow is here

4     with Ms. Kucharski.  Mr. Getz for the Government.

11:17:04  5          It's my understanding that we're going to do an

6     arraignment, a change of plea -- a plea of guilty and a

7     sentencing all today; is that correct?

8                    MS. KUCHARSKI:  That's correct, your Honor.

9                    MR. GETZ:  That's our understanding, your

11:17:17  10    Honor.

11                   THE COURT:  All right.

12         Well, first, Mr. Bristow, you have been charged by way

13    of information, which is a charge prepared by the U.S.

14    Attorney's Office.  You have a right to have this matter

11:17:35  15    presented to a Grand Jury, which is a group of 23 citizens,

16    and they would hear the Government's evidence and decide

17    whether or not there was probable cause that you committed

18    this particular crime or crimes.  You also can waive

19    indictment and have the case proceed by way of information.

11:17:57  20    And if you do that, you have exactly the same rights, no

21    more and no less.  You understand what I'm saying?

22                   THE DEFENDANT:  Yes, your Honor, I do.

23                   THE COURT:  Have you discussed this with your

24    lawyer?

11:18:05  25                   THE DEFENDANT:  Yes, your Honor, I have.

1          THE COURT:  All right.

2      I have a waiver of indictment form.  Is this your

3  signature on the form?

4              THE DEFENDANT:  Yes, your Honor, it is.

11:18:14  5              THE COURT:  I take it, Ms. Kucharski, that's

6  yours?

7              MS. KUCHARSKI:  It is, your Honor.

8              THE COURT:  All right.  Do you have any

9  questions about this waiver?

11:18:20 10              THE DEFENDANT:  No, sir.

11              THE COURT:  All right.

12      I'm satisfied it's knowing and voluntary, and I will

13  date it today, April the 11th, 2013, and sign it.  All

14  right.

11:18:33 15      Have you received a copy of the information,

16  Mr. Bristow?

17              THE DEFENDANT:  Yes, I have.

18              THE COURT:  All right.

19      You're charged with a violation of Title 18, Section

11:18:52 20  844(c).

21              MS. KUCHARSKI:  I believe it's (e), your

22  Honor.

23              THE COURT:  Oh, right.  Thank you, that was.

24  844(e).  Making a threat to damage and destroy a building by

11:19:06 25  use of explosives, maliciously conveying false information.

1   The maximum penalty is ten years in prison, a $250,000 fine

2   or both, three years of supervised release, and a $100

3   special assessment.  Do you understand that?

4               THE DEFENDANT:  Yes, your Honor.

5               THE COURT:  And supervised release is a period

6   of any prison sentence.  The main condition is not

7   committing any new crime.  There might be drug testing or

8   other conditions.  If you were to violate a condition of

9   supervised release, you could come back to me for a hearing,

10  be sent back to prison.  You understand that?

11              THE DEFENDANT:  Yes, your Honor.

12              THE COURT:  All right.

13      You have -- and I guess there are actually six counts

14  of violating this statute.  You have a right to have the

15  indictment read or you can waive reading.  What's your

16  desire?

17              THE DEFENDANT:  I've read it.  I waive, your

18  Honor.

19              THE COURT:  Okay.

20      And I take it you are prepared to enter a plea of

21  guilty pursuant to a written plea agreement; is that

22  correct?

23              THE DEFENDANT:  Yes, pursuant to that plea.

24              THE COURT:  All right.

25      You have a very experienced lawyer.  I'm quite

1   confident Ms. Kucharski has covered with you everything I'm

2   about to cover, but the law requires that before I can

3   accept your plea, I have to have a conversation with you to

4   establish a few things.

11:20:23 5       First, that you are competent to enter a guilty plea;

6   second, that you've come to this decision knowingly and

7   voluntarily.  I want to make sure you understand all the

8   rights you have and the rights you are giving up by pleading

9   guilty.  I want to make sure you have a good understanding

11:20:38 10  of how your sentence will be determined.  I have to make

11  sure there is a factual basis, and I need to do it on the

12  record so that any reviewing court can see what I've done.

13       You understand all that?

14            THE DEFENDANT:  Yes, your Honor.

11:20:50 15            THE COURT:  And I have to place you under

16  oath.  So if you could raise your right hand, sir.

17       (Defendant sworn.)

18            THE COURT:  All right.  Mr. Bristow, is your

19  signature on the back of your plea agreement?

11:21:13 20            THE DEFENDANT:  Yes, your Honor, it is.

21            THE COURT:  Are these your initials on the

22  lower right-hand corner of each page?

23            THE DEFENDANT:  Yes, your Honor, they are.

24            THE COURT:  Ms. Kucharski, I take it those are

11:21:21 25  yours?

1          MS. KUCHARSKI:  Yes, your Honor.

2               THE COURT:  And, Mr. Getz, these are yours?

3               MR. GETZ:  Yes, your Honor.

4               THE COURT:  All right.

11:21:25  5     Mr. Bristow, did you read your plea agreement

6     carefully before signing and initialling it?

7               THE DEFENDANT:  Yes, your Honor, I did.

8               THE COURT:  Did you have a chance to discuss

9     it with Ms. Kucharski and to ask her any questions about it

11:21:37 10     that you might have had?

11               THE DEFENDANT:  Yes, your Honor.

12               THE COURT:  Now, we're going to spend some

13     time going through your plea agreement.  But, I want to ask

14     you at the beginning, do you think you have any agreement,

11:21:46 15     deal, understanding whatsoever with the Government, other

16     than what's contained in this written plea agreement?

17               THE DEFENDANT:  No.

18               THE COURT:  All right.  Mr. Bristow, how old

19     are you, please?

11:21:59 20               THE DEFENDANT:  39.

21               THE COURT:  How far did you get in school?

22               THE DEFENDANT:  Eleventh grade.

23               THE COURT:  You have any difficulty

24     understanding and reading English.

11:22:07 25               THE DEFENDANT:  Not at all.

1          THE COURT:  In the last 12 months, have you

2     been treated for any mental or psychiatric condition?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Are you today under the influence

11:22:13  5     of any drugs or alcohol or medication that might affect your

6     ability to understand what's going on?

7          THE DEFENDANT:  No, your Honor.

8          THE COURT:  Do either counsel know of any

9     reason Mr. Bristow is not competent to enter a guilty plea

11:22:22 10     today?

11          MS. KUCHARSKI:  No, your Honor.

12          MR. GETZ:  None, your Honor.

13          THE COURT:  All right.

14     Mr. Bristow, have you discussed your decision to pled

11:22:35 15     guilty carefully with your lawyer?

16          THE DEFENDANT:  Yes, your Honor, I have.

17          THE COURT:  And have you asked her any

18     questions about it that you might have had?

19          THE DEFENDANT:  Oh, yes.

11:22:43 20          THE COURT:  All right.

21     Without giving me any details of your discussions with

22     Ms. Kucharski, have you discussed generally with her what

23     if -- what the Government's evidence against you would be if

24     this case were to go to trial?

11:22:55 25          THE DEFENDANT:  Yes, your Honor.

8

1           THE COURT:  And what's -- the documents, the

2  witnesses, whatever the Government would introduce at trial,

3  you discussed that?

4           THE DEFENDANT:  Yes, your Honor.

11:23:06  5           THE COURT:  And again, without giving me any

6  details, have you discussed with Ms. Kucharski what, if any,

7  challenges or defenses you might have to the Government's

8  evidence, again, if this were to go to trial?

9           THE DEFENDANT:  Yes, your Honor.

11:23:17  10           THE COURT:  Are you satisfied with your

11  lawyer's representation of you?

12           THE DEFENDANT:  Very satisfied.

13           THE COURT:  All right.

14     Mr. Bristow, has anyone threatened you or pressured

11:23:25  15  you in any way to get you to come here today and plead

16  guilty?

17           THE DEFENDANT:  Not at all.

18           THE COURT:  Put another way, are you here

19  voluntarily because after discussing this with your lawyer

11:23:33  20  and maybe some family members, you decided this is the best

21  thing to do under the circumstance?

22           THE DEFENDANT:  Absolutely, your Honor.

23           THE COURT:  All right.

24     You're proposing to plead guilty to Counts 1 through 6

11:23:44  25  of this violation of making threats to damage and destroy

1    buildings by explosives and maliciously conveying false

2    information?

3         I just read the maximum penalties to you.  Have you

4    discussed with Ms. Kucharski the advisory Federal Sentencing

11:24:09  5    Guidelines and how they're likely to work in your case, and

6    have you discussed that with her?

7              It's set out in your plea agreement.  I just

8    want to make sure you understand all this.

9              THE DEFENDANT:  Yes, but I agreed to plead to

11:24:29 10    a specific --

11              THE COURT:  Well, that's -- that's right, but

12    it's -- the two are connected.  I just want to make sure you

13    understand that we have advisory Federal Sentencing

14    Guidelines, and I'm required to consider that as part of

11:24:48 15    your sentence.  And there is a binding plea agreement with a

16    specific sentence I'll either need to accept or reject, but

17    part of my decision making is looking at the advisory range

18    because I would have to consider that as part of my

19    sentence, and this is really set out in your plea agreement.

11:25:11 20         You would start at an Offense Level 19.  You would be

21    eligible for a two-level adjustment for acceptance of

22    responsibility, along with a third level for timely guilty

23    plea if the Government makes that motion, and I assume that

24    it would.  And you are -- the parties believe you're in a

11:25:33 25    Criminal History Category 6.  And so a Level 16, Criminal

1    History Category 6 would be 46 to 57 months.

2            It happens, and not coincidently, the agreed-upon

3    sentence is 51 months, which is right in the middle of 46

4    and 57.  And I assume that's how the parties got there.  I

5    just want to make sure you understand that.

6                    THE DEFENDANT:  Yes, I understand that this

7    agreed-on sentence was from the Guidelines.

8                    THE COURT:  It didn't just come out of the --

9                    THE DEFENDANT:  Right.

10                    THE COURT:  It's 51 months.  And that if

11    you -- if you just entered a guilty plea, without an

12    agreed-upon sentence, I would look at the Advisory Guideline

13    range, and I would consider it as part of my sentence.  And

14    obviously, I could listen to arguments by both sides if the,

15    you know, Guideline range were either too high or too low,

16    but it would be my starting point.  You understand that?

17                    THE DEFENDANT:  Yes.

18                    THE COURT:  So the 51 months didn't just come

19    out of the air.  You understand that?

20                    THE DEFENDANT:  Yes, your Honor.

21                    THE COURT:  Okay.

22            And I can tell you that I reviewed this, and I don't

23    see any reason not to accept the plea agreement and the

24    binding sentence agreement of 51 months.  I mean first I

25    know Mr. Getz, I know Ms. Kucharski, they wouldn't agree on

1    something that wasn't appropriate.  It is in the mid point

2    of the advisory range, which in and of itself isn't

3    conclusive but it certainly suggests that it is a reasonable

4    sentence.  And I've reviewed the conduct.  So what I'm

11:27:19   5    telling you is if -- if I do accept your guilty plea, I'm

6    prepared to sentence you today to 51 months custody of the

7    Attorney General.  You understand that?

8                    THE DEFENDANT:  Yes, your Honor, I do.

9                    THE COURT:  And the way this works, if you get

11:27:31  10    51 months, that's what you have to serve.  Obviously, you

11    get credit for any time served on this case, but there is no

12    parole.  The only reduction in your sentence would be up to

13    54 days, I believe, a year that you could earn good time in

14    prison, but other than that, you have to serve the whole

11:27:48  15    sentence.  You understand that?

16                    THE DEFENDANT:  Yes, your Honor.

17                    THE COURT:  Now, ordinarily, Mr. Bristow, even

18    with a guilty plea, you would have the right to appeal your

19    conviction and/or sentence, and you would have the right to

11:28:05  20    file what we call post-conviction motions if you felt that

21    your constitutional rights had been violated in any way.

22        Do you understand that?

23                    THE DEFENDANT:  Yes, your Honor.

24                    THE COURT:  What you're doing in Paragraph 16

11:28:15  25    of your plea agreement is waiving or giving up your right to

1    appeal the conviction and/or the sentence, and the following

2    limited circumstances:  Any punishment in excess of the

3    statutory maximum, which is ten years in prison or any

4    sentence above the 51 months, but I'm telling you that I'm

11:28:40  5    going to sentence you to 51 months.  So if I do that, you're

6    giving up your right to appeal.  You understand that?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  And further, you're giving up your

9    right to file any of these post-conviction constitutional

11:28:53 10    challenges unless you feel there's been ineffective

11    assistance of counsel or prosecutorial misconduct in your

12    case.  You understand that?

13                    THE DEFENDANT:  Yes, your Honor.

14                    THE WITNESS:  I do.

11:29:02 15                    THE COURT:  All right.

16        You understand, Mr. Bristow?  And I also order you to

17    make full restitution for your conduct in this case.  You

18    understand that?  I'm not sure what the parties agreed on,

19    what the restitution would be, if any.

11:29:27 20                    MR. GETZ:  I don't believe there will be any.

21                    THE COURT:  All right.

22                    MR. GETZ:  The nature of the activity was

23    such, I don't think there was any.

24                    THE COURT:  All right.

11:29:34 25        The provision is in here.  So I wanted to make sure.

1    All right.

2         So there won't be restitution.  All right.  You

3    understand, Mr. Bristow, that as you appear before me today,

4    you are presumed not guilty of these crimes?  You understand

11:29:49  5    that?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  And you're entitled to a trial.

8    You don't have to plead guilty.  In fact, if you said,

9    "Judge, I want to plead not guilty and I want a trial," I

11:29:57 10    would set a trial within the Speedy Trial Act, and at that

11    trial, you would be entitled to a lawyer at every single

12    stage.  And if you could not afford one, I would give you a

13    lawyer at Government expense.

14         Do you understand that?

11:30:09 15              THE DEFENDANT:  Yes, your Honor.

16              THE COURT:  And your lawyer, Ms. Kucharski,

17    first of all, you wouldn't have to prove your innocence.

18    Mr. Getz would have to produce in open court to the sworn

19    testimony of witnesses and through admissible documents and

11:30:22 20    physical evidence proof meeting the very high standard of

21    beyond a reasonable doubt that you were, in fact, guilty of

22    these crimes.

23         You understand that?

24              THE DEFENDANT:  Yes, your Honor.

11:30:30 25              THE COURT:  And Ms. Kucharski would be able to

1    challenge, to confront, to cross-examine all the

2    Government's evidence against you at the trial.  You

3    understand that?

4              THE DEFENDANT:  Yes, your Honor.

11:30:39  5              THE COURT:  And at the end of the Government's

6    case, you would have the right, but again, not the burden or

7    obligation, the right to put on a defense.  And that means

8    that you could call witnesses and introduce documents and

9    physical evidence tending to show that you were not guilty

11:30:52  10   of these crimes.

11         Do you understand that?

12              THE DEFENDANT:  Yes, your Honor.

13              THE COURT:  And if there was someone whom you

14   wanted to call as a witness, Mr. Bristow, and that person

11:30:59  15   didn't want to come to court voluntarily, I would direct one

16   of our Deputy Marshals to go out and find that person and

17   bring him or her into court so you could have your defense.

18         You understand that?

19              THE DEFENDANT:  Yes, your Honor.

11:31:09  20              THE COURT:  Now, at your trial, you would have

21   the absolute right, either to testify or not to testify, and

22   it would be strictly your own decision to make.  You

23   understand that?

24              THE DEFENDANT:  Yes, your Honor.

11:31:22  25              THE COURT:  And if you chose to testify, you

1    would get on the witness stand to my right, I'd give you an

2    oath like I gave you a few minutes ago, and you would first

3    answer Mr. Kucharski's questions and then Mr. Getz's

4    questions.  You understand that?

11:31:33  5              THE DEFENDANT:  Yes.

6              THE COURT:  And if you chose not to testify,

7    nobody could say a single word about the fact that you chose

8    not to testify at your trial.  You understand that?

9              THE WITNESS:  Yes, your Honor.

11:31:42 10              THE COURT:  If I accept your guilty plea

11    today, we won't have any of that, no trial, documents,

12    cross-examination.  You'll be found guilty, come back -- in

13    fact, ordinarily you would come back in about three months,

14    but if you tell me you're ready to be sentenced, I will, in

11:31:55 15    fact, sentence you today.  You understand that?

16              THE DEFENDANT:  Yes, your Honor, I do, and I'm

17    ready to be sentenced.

18              THE COURT:  And you won't be able to come back

19    in two or three months to say, "Gee, I made a big mistake."

11:32:05 20    You understand that?

21              THE DEFENDANT:  Correct.

22              THE COURT:  Okay.

23         Before I get to the factual basis from Mr. Bristow,

24    Ms. Kucharski Mr. Getz, is there anything that either of you

11:32:20 25    feel I've neglected to cover which I need to cover?

1          MS. KUCHARSKI:  No, your Honor.

2          MR. GETZ:  No, your Honor, other than I would

3    just make reference to Paragraph 9 of the agreement that

4    deals with agreement not to bring other charges.

11:32:38  5          THE COURT:  All right.  Good point.  Thank

6    you, Mr. Getz.

7          In Paragraph 9, Mr. Bristow, the Government has agreed

8    not to bring any other criminal charges against you relating

9    to conduct charged in the information and described in the

11:32:54 10   factual basis, based on facts currently within the knowledge

11   of the U.S. Attorney's Office.

12          MS. KUCHARSKI:  And, your Honor, that is the

13   agreement, the only thing -- if we could approach briefly.

14          THE COURT:  All right.

11:33:18 15   (The following proceedings were held at side bar:)

16          MS. KUCHARSKI:  I don't know who's sitting in

17   the back of the courtroom, but he gave a proffer and he

18   disclosed some other criminal matters.

19          THE COURT:  I'm not going to be discussing

11:33:29 20   that now.

21          MS. KUCHARSKI:  But, he was involved, and he

22   just wanted to make sure anything he disclosed during the

23   proffer, you weren't going to --

24          THE COURT:  Right.

11:33:39 25          MR. GETZ:  That's covered by that paragraph.

1          THE COURT:  That's covered by the paragraph.

2          MS. KUCHARSKI:  All right.

3          THE COURT:  Anything that Mr. Getz, during the

4     investigation, anything that related to these charges.

11:33:51 5          MS. KUCHARSKI:  Okay.  He just wanted that

6     clarified.

7          THE COURT:  All right.

8          (Proceedings resumed within the hearing of the jury:)

9          THE COURT:  All right.

11:34:00 10     So, Mr. Bristow, what that Paragraph 9 means is that

11    Mr. Getz and his office have agreed not to bring any other

12    charges against you relating to the conduct charged in this

13    information based on anything he's learned from his

14    investigation which would include anything that you might

11:34:20 15    have told him.

16     So you understand that?  What he's agreed is these are

17    the charges that are going to be against you.

18          THE DEFENDANT:  I do, but it's supposed to be

19    no charges at all regarding anything he knows thus far,

11:34:35 20    period.  Not just about related to this information.

21          THE COURT:  Well, I don't -- Mr. Getz, you

22    want to elaborate on that?  I don't know what Mr. Bristow is

23    referring to.

24          MR. GETZ:  Your Honor, the only thing I could

11:34:57 25    state is I'm not aware of any information that we received

1    from the investigation, including from the Defendant, that

2    doesn't relate to the charges in the information.  I think

3    what he might be referring to is activity kind of

4    surrounding the specific activity that's charged in the

11:35:19  5    information.

6              THE COURT:  All right.

7         Well, Mr. Getz is taking a broad interpretation, Mr.

8    Bristow.  And so what he's saying is he's not -- I'm not

9    asking what, if anything, you told him, but what he's saying

11:35:31 10   is if you fold him anything, he's not going to file any

11   additional charges based on it.

12             THE DEFENDANT:  That's fair, your Honor.

13   Thank you.

14             THE COURT:  Okay?  All right.  Fine.  All

11:35:45 15   right.

16        Lastly, Mr. Bristow I want you to look at the factual

17   basis portion of your plea agreement.  This begins at the

18   bottom of Page 6, Paragraph 18.  We've got sub paragraphs

19   (a) through (f) on the top of -- well, all of 7 and the top

11:36:07 20   of Page 8 and Paragraph 19.  Have you read this factual

21   basis portion carefully?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And is everything in this factual

24   basis portion true and accurate?

11:36:18 25             THE DEFENDANT:  Can I just take one second to

1    review it?

2                    THE COURT:  Why don't you review it.  And if

3    you think there's something wrong in there, let me know.

4                    THE DEFENDANT:  As I discussed with Mr. Getz

11:36:37  5    right before -- I did the conduct.  I did what I'm accused

6    of.  It's just how it's alleged that I did it that's just

7    slightly off.  It says that I used my Magic Jack device to

8    make these calls to these courthouses, and I did not.

9    Although I did make the calls to the courthouses, I did not

11:36:56 10    use the Magic Jack or other devices.  I used a telephone and

11    a calling card but not my Magic Jack because saying that I

12    used my Magic Jack would assume that I did the calls from

13    Mansfield, Ohio, when I did not.

14        So I mean that's -- that's really my only hang up, is

11:37:14 15    that I used the Magic Jack for these calls.

16                    THE COURT:  All right.

17        Mr. Getz, is that -- does that affect an element of

18    the crime?

19                    MR. GETZ:  It does not, your Honor.

11:37:22 20                    THE COURT:  I wouldn't think so.

21                    MR. GETZ:  Jurisdiction.  And I would state

22    from our position, I think from the Defendant's information

23    he provided to us, the Magic Jack device was used for at

24    least purposes of testing out the capability of making some

11:37:39 25    of these calls in that manner.

1       THE COURT:  All right.

2       MR. GETZ:  So we -- we feel it's kind of

3   included in that language, but to the extent that that

4   correction is made, we don't feel it affects any of the

11:37:55  5   elements of the offense.

6       THE COURT:  I don't think so either.  So

7   we'll -- that should be noted.  I don't know if you want to

8   amend the plea agreement or just make sure in the version

9   that's in the presentence report, you make that correction.

11:38:12  10       MS. KUCHARSKI:  Well, there won't be a

11  presentence report.

12       THE COURT:  Well, that's true.

13       MS. KUCHARSKI:  But, for purposes of the

14  record, it will be on the transcript.

11:38:18  15       THE COURT:  Okay.  Fine.  All right.

16     Well, then, with that correction, Mr. Bristow, is that

17  what you did in this case?

18       THE DEFENDANT:  Yes, your Honor.

19       THE COURT:  All right.

11:38:30  20     Mr. Bristow, I'm satisfied based upon my conversation

21  with you today that you are competent to enter a guilty

22  plea, that you've come to this decision knowingly and

23  voluntarily, that you understand the rights you have and the

24  rights you are giving up by pleading guilty.  That you have

11:38:46  25  a good understanding of how your sentence will be

1    determined, and there is a factual basis.

2         You have admitted conduct which tells me you're

3    guilty.  So what I'm telling you, sir, is if you tell me

4    you're guilty, I will find you guilty of these six counts of

11:39:00  5    18 U.S.C. 844(c).  You understand that, sir?  Sorry, 844(e).

6                   MR. GETZ:  (e).

7                   THE COURT:  Do you understand that, sir?

8                   THE DEFENDANT:  Yes, your Honor.

9                   THE COURT:  All right.

11:39:15 10         Based on everything I've said and what Ms. Kucharski

11   has said and what Mr. Getz has said, how do you plead to

12   this information?

13                   THE DEFENDANT:  Guilty.

14                   THE COURT:  I accept that plea, and I find you

11:39:23 15   guilty.

16         Now ordinarily, Mr. Bristow, you would be entitled to

17   the preparation of a presentence report.  The officer would

18   interview you, get your version of the facts, carefully

19   research your employment, family, financial, educational

11:39:39 20   background, of course, your prior criminal record, talk to

21   the Government, get its version, and the officer would

22   prepare a draft of the report.  You could go over it

23   carefully.  If you thought there were any errors, make those

24   known, and then a final version would be prepared.  And

11:39:53 25   that's what I would use at sentencing.  And if there were

1    any unresolved objections, I would decide those at

2    sentencing.

3        So you understand you have the right to have your

4    sentence delayed until the preparation of a report?

11:40:05  5        THE DEFENDANT:  Yes, your Honor, but I did

6    request the PSR be waived.

7        THE COURT:  All right.

8        Well, I just want to make sure you understand that

9    I've -- because I -- this all happened out of my presence.

11:40:16 10   I need to make a record.  So you've discussed this with your

11   lawyer?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  And you are prepared to waive the

14   presentence report?

11:40:22 15        THE DEFENDANT:  Yes, your Honor.

16        THE COURT:  And you understand I've told you

17   if you do that and you ask me to sentence you now without a

18   report, I'll do that.  And I do plan to give you a sentence

19   of 51 months.  You understand that?

11:40:33 20        THE DEFENDANT:  Yes, your Honor, I do.

21        THE COURT:  All right.

22        Well, I guess, Mr. Getz, Ms. Kucharski, since I'm

23   making a record, I have to make sure I allow the two of you

24   and Mr. Bristow to say anything you wish at sentencing.  So

11:40:47 25   that's what I'm doing now, if there is anything either of

1   you wish to say or add.

2          MS. KUCHARSKI:  Nothing I wish to add, your

3   Honor.  We just ask the Court to adopt the joint

4   recommendation for sentence at 51 months.

5          MR. GETZ:  And the Government shares that

6   suggestion.

7          THE COURT:  All right.

8      And, Mr. Bristow, is there anything you'd like to say,

9   sir?  You have the right and I must ask you if you want to

10  say anything.  You don't have to, but I do have to ask you.

11  So that's what I'm doing.

12         THE DEFENDANT:  No, your Honor.

13         THE COURT:  Okay.  All right.

14     Well, I have reviewed the plea agreement, I did look

15  at the advisory range for guidance.  I'm satisfied that this

16  was -- that this is a fair and appropriate sentence, and

17  it's sufficient but not greater than necessary to meet the

18  statutory purposes of sentencing which are punishment,

19  deterrence, protecting the community, and rehabilitation.

20  And based on that, I find that it is fair and appropriate

21  and meets the parameters of the statute.  So I will impose a

22  sentence of 51 months custody of the Attorney General.

23     Now, I guess, Mr. Getz, you know how long -- or, Ms.

24  Kucharski -- when Mr. Bristow was taken into custody?

25         MR. GETZ:  He was taken into custody late

1    March 19th.  So including today -- oh, March 20th.  So

2    including today, by my calculation, that would be 22 days.

3                THE COURT:  All right.

4        Well, I will -- you will you get credit for time

11:42:21  5    served since March the 20th of 2013.

6                MS. KUCHARSKI:  And, your Honor, the only

7    additional matters, Mr. Bristow is asking to be placed, if

8    at all possible, a recommendation from the Court to go to

9    Elkton or the closest federal correctional institution to

11:42:39 10    his family.

11        And there was some property that was seized by the FBI

12    pursuant to this search warrant, and he is asking the Court

13    to order the return of that property expeditiously as soon

14    as it's been analyzed.

11:42:57 15                THE COURT:  All right.

16        First I will recommend FCI Elkton or the closest

17    facility to your family.  That is only a recommendation, but

18    I will make it.  Mr. Getz, do you know anything about this

19    property?

11:43:09 20                MR. GETZ:  Yes, your Honor.  We have discussed

21    this with Mr. Bristow's counsel prior to the hearing.  And

22    we are in the process of finalizing the analysis of the

23    electronic evidence so that it can be returned very quickly.

24        There's some additional physical evidence where the

11:43:30 25    analysis will be undertaken after we get an additional DNA

1    swab from the Defendant, and we're in the process of trying

2    to expedite return of property.  So it shouldn't be an

3    issue.

4                    THE COURT:  All right.

11:43:42  5          Mr. Getz has represented that he will promptly return

6    the property to you once the forensic analysis is done.

7    Okay.

8            Are there any objections, any objections that either

9    counsel wish to place on the record as to the sentence?

11:44:04  10                MS. KUCHARSKI:  No, your Honor.

11                    MR. GETZ:  No, your Honor.

12                    THE COURT:  I assume not.  If I don't ask, I

13    could get reversed, even though it's an agreed-upon

14    sentence.

11:44:11  15          And is there anything else that either counsel wish to

16    place on the record?

17                    MS. KUCHARSKI:  No, your Honor.

18                    MR. GETZ:  No, your Honor.  Thank you.

19                    THE COURT:  Okay.  Thank you.  Then we are

11:44:20  20    adjourned.  And I'll just indicate that I'm signing the plea

21    agreement.

22            (Proceedings adjourned at 11:44 a.m.)

23

24

25

1              C E R T I F I C A T E

2          I certify that the foregoing is a correct

3     transcript from the record of proceedings in the

4     above-entitled matter.

5

6

7

8     s/Shirle Perkins
      Shirle M. Perkins, RDR, CRR
9     U.S. District Court - Room 7-189
      801 West Superior Avenue
10    Cleveland, Ohio 44113
      (216) 357-7106
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25